**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| MARK EUGENE ANDERSON and ) | Case No. 09-79466-CRM |
| MELANIE McKEMIE ANDERSON, ) | Case No. 12-77850-CRM |
| ) | |
| Debtors. ) | Jointly Administered Under |
| ) | CASE NO. 12-77850-CRM |

**MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE**
**FREE AND CLEAR OF ALL LIENS AND INTERESTS**

COMES NOW Neil C. Gordon, the Chapter 7 Trustee ("Trustee") of the bankruptcy estates of Mark Eugene Anderson and Melanie McKemie Anderson (together "Estate") and pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, and through undersigned counsel, files this *Motion for Authority to Sell Property of the Estate Free and Clear of Liens and Interests* ("Sale Motion"), other than in the ordinary course of business and shows the Court as follows:

**BACKGROUND**

1. On July 28, 2009, Melanie McKemie Anderson ("MMA")filed her voluntary petition constituting an order for relief pursuant to 11 U.S. C. § 301, thereby initiating Chapter 11, Case No. 09-79466-CRM (the "MMA Case"). On June 25, 2010, the MMA Case was converted to a proceeding under Chapter 7, pursuant to 11 U.S.C. § 1112(b), at which time, the Trustee was appointed interim Trustee, pursuant to 11 U.S. C. § 701 and became the permanent Trustee of the MMA Case on July 26, 2010, pursuant to 11 U.S.C. § 341(a).

2. On November 5, 2012, Mark Eugene Anderson ("MEA") filed his voluntary petition constituting an order for relief pursuant to 11 U.S.C. § 301, thereby initiating Chapter 11, Case No. 12-77850-CRM (the "MEA Case"). On January 16, 2013, the MEA Case was converted to a Chapter 7 pursuant to 11 U.S.C. § 1112(b) at which time, the Trustee was appointed interim Trustee, pursuant to 11 U.S. C. § 701.

3. On March 20, 2013, Trustee filed his *Application to Appoint Attorneys for Trustee* [Doc. No. 27] and an *Order* [Doc. No. 29] was entered by the Court on March 30, 2013, appointing Arnall Golden Gregory LLP as attorneys for the Trustee.

4. Trustee filed a *Motion to Administratively Consolidate Cases* [Doc. No. 33] on May 7, 2013, and an *Order* [Doc. No. 34] was entered on May 8, 2013, administratively consolidating the MMA Case and MEA Case to be jointly administered under Case No. 12-77850-CRM.

5. Debtors jointly own that certain real property known generally as 36 Brookhaven Drive NE, Brookhaven, DeKalb County, Georgia 30319 (the "Property").

6. Pursuant to the Order [Doc. No. 50] entered by the Court on January 27, 2014, the United States Marshal removed the Debtors from the Property and Trustee took possession of the Property as well as all of the personal property contained therein.

7. Trustee currently retains possession and title to the furniture, fixtures, and other items which are located at the Property (the "Personal Property").

8. On February 27, 2014, Trustee filed his *Application to Employ Estate Liquidator* [Doc. No. 59] requesting authority to employ Judith Friedman and Atlanta Antiques and Estate Liquidators, Inc. ("AAELI") as the Trustee's Estate liquidator.

9. Trustee requests authority to sell the Personal Property by private or public sale through AAELI, free and clear of all liens and interests, with any valid and enforceable liens(s) attaching to the proceeds of sale, pursuant to 11 U.S.C. §§ 363(b) and (f). Trustee is not aware of any liens being asserted against the Personal Property. To the extent anyone other than e Debtors claim an interest in any item of the Personal Property, that claimed interest is the subject of a bona fide dispute. 11 U.S. C. §363(f)(4).

10. Tentatively, AAELI will run an estate sale liquidation of the Personal Property of the Estate beginning April 7, 2014 and concluding April 20, 2014, at the location of 36 Brookhaven Drive, NE, Atlanta, DeKalb County, Georgia 30319. These dates and times are subject to change.

WHEREFORE, Trustee prays this Court:

a) approve Trustee's proposed sale of the Personal Property, following Notice to all creditors and parties in interest of the Sale Motion, the date of the Hearing, and the deadline for any objection;

b) approve Trustee's proposed sale of the Personal Property;

c) Fed.R.Bankr.P.6004(g) shall not apply and any Order entered shall be effective immediately so that the Trustee may proceed instanter with the sale; and

    d)    grant such other and further relief as is just and proper.

> Respectfully submitted,
> ARNALL GOLDEN GREGORY, LLP
>
> By:*/s/ Neil C. Gordon*
> NEIL C. GORDON, State Bar No. 302387
> 171 17th Street NW, Suite 2100
> Atlanta, Georgia 30363-1031
> (404) 873-8500
> neil.gordon@agg.com
> Attorneys for Sharon S. Brown
> Chapter 7 Trustee

## **CERTIFICATE SERVICE**

This is to certify that I have mailed a copy of the Trustee's *Motion to Sell Property of the Estate Free and Clear of Liens and Interests* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303

Mark Eugene Anderson
2737 Apple Valley Drive
 Post Office Box 191187
Atlanta, Georgia 30319

Melanie McKemie Anderson
1149 Pine Grove Avenue
Atlanta, Georgia 30319

Judith Friedman
Atlanta Antique & Estate Liquidators, Inc.
6171 Dove Field Court
Norcross, GA 30092

This 11th day of March, 2014.

*/s/ Neil C. Gordon*
Neil C. Gordon